UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANNA SAVOIA

VERSUS

AMERICAN FAMILY
MUTUAL INSURANCE CO.,
ET AL.

CIVIL ACTION

NO. 18-663-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANNA SAVOIA

VERSUS

AMERICAN FAMILY
MUTUAL INSURANCE CO.,
ET AL.

CIVIL ACTION

NO. 18-663-BAJ-EWD

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by plaintiff, Anna Savoia ("Plaintiff"). Defendant, State Farm Fire and Casualty Company ("State Farm") has filed an opposition.[2] Additionally, removing defendant, American Family Mutual Insurance Company ("American Family") previously filed a Memorandum in Support of Jurisdiction,[3] which the undersigned has also considered. For the reasons set forth herein, the undersigned **RECOMMENDS**[4] that the Motion to Remand[5] be **DENIED**. In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.[6]

### I. Background

On or about May 3, 2018, Plaintiff filed a Petition for Damages (the "Petition") in state court against two insurer defendants, American Family and State Farm, for payments allegedly

---

[1] R. Doc. 12.

[2] R. Doc. 15.

[3] R. Doc. 6. Plaintiff also previously filed a Memorandum Regarding Subject Matter Jurisdiction on July 20, 2018. R. Doc. 10. The July 20, 2018 memorandum is substantively the same as Plaintiff's Motion to Remand.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] R. Doc. 12.

[6] In light of the pending Motion to Remand, the previously set scheduling conference was cancelled. *See*, R. Doc. 13.

1

due under two insurance policies providing uninsured/underinsured motorist coverage.[7] Plaintiff alleges that she sustained injuries in a May 7, 2016 automobile accident that occurred while she was a guest passenger in a vehicle operated by Stephanie Klupper ("Klupper"). Per the Petition, while stopped at a red light, a vehicle owned and operated by Veronica Pelayo ("Pelayo") struck the vehicle in which Plaintiff was riding from behind.[8] Plaintiff alleges various acts of negligence and fault by Pelayo and contends that as a result of the accident she "suffered severe personal injuries, including but not limited to, severe physical injury, severe emotional injury, pain and suffering, past and future medical expenses, loss of enjoyment of life, loss of earnings or earnings capacity, and other damages which may be shown at the trial of this matter."[9] Although Plaintiff alleges that her damages "far exceed the combined limits of the liability and the primary UM policy provided by American Family,"[10] the Petition does not set forth the limits of the American Family policy.[11]

On June 28, 2018, American Family filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based upon complete diversity between the parties and the assertion that the amount in

---

[7] As discussed below, while Plaintiff alleges that the alleged tortfeasor, Veronica Pelayo, was insured under a liability policy with a liability limit of $100,000, Plaintiff did not name Pelayo or Pelayo's insurer as defendants. Based on subsequent submissions by the parties, Plaintiff recovered $100,000 from Pelayo's liability insurer prior to filing suit. *See*, R. Doc. 6-3 (letter from Ameriprise to Plaintiff's counsel dated May 25, 2017 "tendering our insured's limits of $100,000."). Plaintiff alleges that "American Family Mutual Insurance Company had in full force and effect a policy of insurance in which the named or omnibus insureds were Stephanie Klupper and Anna Savoia, which policy provides uninsured or underinsured motorist and medical payments coverage…." R. Doc. 1-1, ¶ 9. Similarly, Plaintiff alleges that "State Farm had in full force and effect a policy of insurance in which the named or omnibus insured was Anna Savoia, which policy provides uninsured or underinsured motorist and medical payments coverage…." R. Doc. 1-1, ¶ 10.

[8] R. Doc. 1-1, ¶¶ 2-4.

[9] R. Doc. 1-1, ¶ 7.

[10] R. Doc. 1-1, ¶ 16.

[11] Plaintiff did allege that the underlying liability policy issued to Pelayo "provided liability limits of $100,000." R. Doc. 1-1, ¶ 8.

2

controversy exceeds $75,000, exclusive of interest and costs.[12] In its Notice of Removal, American Family contends that the amount in controversy requirement of 28 U.S.C. § 1332 is met because Plaintiff "suffered severe and painful personal injuries," including injuries to her spine, and head trauma "including post concussion syndrome and visual convergence problems," and that Plaintiff continues to treat for her injuries.[13] Additionally, American Family explained that prior to removal, and in response to an email request, Plaintiff's counsel stated "We cannot stipulate to damages less than $75,000.00."[14]

In response to an order from this Court,[15] American Family submitted a supplemental memorandum and evidence regarding the amount in controversy.[16] Therein, American Family points out that Plaintiff had already recovered the $100,000 limit of the underlying liability policy, and that the American Family policy under which Plaintiff now seeks to recover as the "'primary UM policy' has limits of $250,000 per person and $500,000 aggregate…."[17] Additionally, American Family asserts that "Ms. Savoia's medical bills to date allegedly related to the subject accident total $37,818.92 and she is continuing treatment."[18]

On July 23, 2018, Plaintiff filed the instant Motion to Remand, arguing that "Defendants have not met their burden of showing that the amount in controversy exceeds the jurisdictional

---

[12] R. Doc. 1. Plaintiff alleges that she is domiciled in Louisiana. R. Doc. 1-1, p. 1. In its Notice of Removal, American Family alleges that it is incorporated in Wisconsin with its principal place of business in Wisconsin, and that defendant State Farm Fire and Casualty Company is incorporated in Illinois with its principal place of business in Illinois. R. Doc. 1, ¶ IV(2) & (3).

[13] R. Doc. 1, ¶ VII.

[14] R. Doc. 1-2.

[15] R. Doc. 3.

[16] R. Doc. 6.

[17] R. Doc. 6, p. 3.

[18] R. Doc. 6, p. 3.

3

limit of $75,000.00…."[19]  Plaintiff confirms that she "currently has $37,818.92 in crash-related medical bills" and states that while "she still deals with daily pain, the extent of Ms. Savoia's future medical treatment is unknown" and therefore "any estimation on the amount of damages Ms. Savoia has incurred at this time are merely speculative."[20]  Additionally, while Plaintiff confirms that she "has already recovered $100,000.00 from the underlying liability insurer," she asserts that the $100,000 payment should not be included in a calculation of the amount in controversy because "an underinsured motorist carrier and the tortfeasor's liability carrier are not solidary obligors…."[21]

## II.   Law and Analysis

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[22]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[23]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[24]  In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[25]  The

---

[19] R. Doc. 12-1, p. 1.

[20] R. Doc. 12-1, p. 2.

[21] R. Doc. 12-1, p. 2.

[22] 28 U.S.C. § 1441(a).

[23] 28 U.S.C. § 1332(a)-(a)(1).

[24] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[25] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).  No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

4

removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[26] The removing party has the burden of proving federal diversity jurisdiction.[27] Remand is proper if at any time the court lacks subject matter jurisdiction.[28]

### B. American Family Has Met Its Burden of Establishing, by a Preponderance, that the Amount in Controversy Likely Exceeds $75,000

When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[29] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[30] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[31]

When a plaintiff seeks recovery for payments under an insurance policy, the amount in controversy is governed by the lesser of the value of the claim under the policy or the policy limit.[32] Although Plaintiff has not alleged a specific monetary amount in her Petition, she has alleged that

---

[26] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[27] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[28] *See*, 28 U.S.C. § 1447(c).

[29] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[30] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

[31] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[32] *Henderson v. Allstate Fire and Cas. Ins. Co.*, 154 F.Supp.3d 428, 431 (E.D. La. 2015).

5

her damages "far exceed the combined limits of the liability and primary UM policy provided by American Family" and that she "meets the exception to the anti-stacking statute provided by Louisiana Revised Statutes § 1295(c)…."[33] For multiple reasons, these allegations, in conjunction with the additional information provided by American Family in response to this Court's order requiring supplemental briefing and evidence regarding the amount in controversy,[34] are sufficient to meet American Family's burden of establishing that the amount in controversy likely exceeds the jurisdictional threshold.

Both Plaintiff and American Family agree that Plaintiff was previously paid the $100,000 limit of the underlying liability policy.[35] Following removal, American Family submitted the Declarations page of its policy evidencing "bodily injury liability" limits of $250,000 each person and $500,000 each occurrence as well as "underinsured motorist coverage – bodily injury only" in the amount of $500,000 each person.[36] Accordingly, even without consideration of the $100,000 amount previously paid by the underlying liability insurer,[37] and based on Plaintiff's allegation

---

[33] R. Doc. 1-1, ¶ 16. Because Plaintiff did not allege the value of the primary UM policy in the Petition, the undersigned does not find that the amount in controversy was facially apparent. However, based on the evidence submitted following removal (specifically, the Declarations page of the American Family policy), the undersigned finds that American Family has met its burden of establishing that the requisite amount in controversy exists.

[34] *See*, R. Doc. 3.

[35] R. Doc. 12-1, p. 1. In its Memorandum in Support of Jurisdiction, American Family stated that "[t]he primary liability policy has not been produced in formal discovery, but a demand package received from plaintiff included a letter alleged [sic] that the liability carrier, Ameriprise, had paid the policy limits of $100,000…." R. Doc. 6, p. 2.

[36] R. Doc. 6-5.

[37] The undersigned agrees with Plaintiff that the amount in controversy should not include the $100,000 already recovered from Pelayo's liability insurer. *See*, *Wheeler v. Farmers Ins. Exchange*, Civil Action No. 13-951, 2014 WL 280356, at * 1 (W.D. La. Jan 22, 2014) (explaining that in *Rizer v. American Surety and Fidelity Ins. Co.*, 669 So.2d 387, 390 (La. 1996), the Louisiana Supreme Court held that an uninsured motorist carrier and the tortfeasor's liability carrier are not solidary obligors "because each has a separate obligation that is not coextensive" and therefore "the policy limits of the liability carrier with whom the Plaintiff has settled do not count towards determining the amount in controversy in order to satisfy the diversity threshold."). *See also*, *Thomas v. Hartford Accident & Indemn. Co.*, Civil Action No. 17-1474, 2018 WL 1548897, at * 2 (W.D. La. March 14, 2018) ("And in a UM case, the court considers only the amount of coverage available under the UM policy and not any amounts that might have been paid by the principal liability insurer."); *Henderson v. Allstate Fire and Casualty Ins. Co.*, 154 F.Supp.3d 428, 432 (E.D. La. 2015) ("While it is true that plaintiff must prove that his damages exceeded the underlying settlement in order to invoke his UM policy, Allstate cannot be held liable for the settlement amount as a result of plaintiff's cause of action.

that her damages "far exceed the combined limits of the liability and primary UM policy provided by American Family,"[38] Plaintiff is alleging that her damages in this matter exceed $75,000, exclusive of interest and costs.[39]

Moreover, Plaintiff alleges in her Petition that she "meets the exception to the anti-stacking statute…and State Farm is obligated to tender a reasonable amount to their insured in good faith."[40] "'Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss….'"[41] The "anti-stacking" provision, La. R.S. § 22:1295(1)(c), prohibits "stacking of multiple UM coverages available to the same insured, except under limited circumstances."[42] The exception to the anti-stacking rule allows an insured injured "while occupying an automobile not owned by said injured party, resident spouse, or resident relative" to recover under the UM coverage on the vehicle in which she was riding as primary coverage and also under one other UM policy available to her as excess coverage.[43] Plaintiff's

---

The maximum amount that it is 'legally possible' for plaintiff to recover from Allstate in UM benefits is $42,500. So $42,500 is the maximum amount of policy proceeds that could be placed in controversy by plaintiff's cause of action.").

[38] R. Doc. 1-1, ¶ 16.

[39] *Compare*, *Schaeffer v. Allstate Ins. Co.*, Civil Action No. 07-7795, 2008 WL 4058867, at * 2 (E.D. La. Aug. 26, 2008) ("Plaintiff did not assert that the amount of her claim approaches or exceeds the policy limits, and thus the policy limits are not determinative of the amount in controversy."); *Tanet v. USAA Ins. Co.*, Civil Action No. 09-6779, 2011 WL 39036, at * 2 (E.D. La. Jan. 5, 2011) ("The only evidence offered by Defendant outside of Plaintiff's petition is an affidavit by Gary Taylor, a USAA field general adjuster, which states that the limits of Plaintiff's USAA homeowner's insurance policy exceed $75,000. However, because Plaintiff does not allege that she is seeking insurance policy limits, this evidence does not establish that the amount in controversy exceeds $75,000. Therefore, it is not facially apparent that the amount in controversy exceeds $75,000.").

[40] R. Doc. 1-1, ¶ 16.

[41] *Chenevert v. Liberty Mutual Ins. Co.*, Civil Action No. 15-046, 2016 WL 843306, at * 2, n. 3 (M.D. La. March 1, 2016) (quoting *Pitts v. Fitzgerald*, 818 So.2d 847, 852 (La. App. 1 Cir. 2002)).

[42] 15 La. Civ. L. Treatise, Insurance Law & Practice § 4:27 (4th ed.).

[43] Specifically, the statute provides:

> If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall not be increased because

allegation that she meets the exception to the anti-stacking statute, and therefore may assert a claim against State Farm (presumably as the insurer providing excess UM coverage), is additional support for a finding that Plaintiff seeks damages in excess of the limits of the American Family policy.[44]

Based on the allegations in Plaintiff's Petition, and the additional information regarding American Family's policy limits, the undersigned finds that American Family has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy in this suit likely exceeds $75,000, exclusive of interest and costs. Plaintiff's allegation that her damages exceed the limit of the American Family policy and that she may stack an excess UM policy belie Plaintiff's ability to establish to a legal certainty that the claim is really for less than the

---

of multiple motor vehicles covered under such policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:

(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.

(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

La. R.S. § 22:1295(1)(c)(i)-(ii). *See also*, 15 La. Civ. L. Treatise, Insurance Law & Practice § 4:27 (4th ed.) ("The obvious intent of the exception contained in the Act was to afford an insured, when riding with others, the protection of his own UM coverage, in addition to whatever coverage was available on the vehicle in which he was riding.").

[44] *See*, 15 La. Civ. L. Treatise, Insurance Law & Practice § 4:28 (4th ed.) ("In order to stack an additional policy, the insured must show that the UM coverage on the occupied vehicle has been exhausted due to the extent of damages."). As noted by State Farm in its opposition to the Motion to Remand, "[t]he fact that Savoia has included State Farm as a defendant in this matter, knowing the amount of underlying coverage provided by American Family, provides further support for a finding that the good faith amount in controversy exceeds the jurisdictional threshold for this Court's exercise of jurisdiction." R. Doc. 15, p. 2.

8

jurisdictional amount,[45] and Plaintiff has not asserted any argument or basis to establish to a legal certainty that her claim is actually for less than $75,000.[46]

### III. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[47] be **DENIED**. In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on October 23, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[45] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[46] Plaintiff confirmed in her Motion to Remand that she "currently has $37,818.92 in crash-related medical bills." R. Doc. 12-1, p. 1. As noted above, Plaintiff refused to stipulate regarding her damages prior to American Family's removal. Specifically, counsel for American Family sent an email to Plaintiff's counsel requesting that "since Ms. Svaoia [sic] has already received $100,000 pre-suit from the liability carrier are you willing to stipulate that damages in this case are less than $75,000.00?" R. Doc. 1-2. In response to that email, counsel for Plaintiff stated: "We cannot stipulate to damages less than $75,000.00." R. Doc. 1-2. While such refusal is not in and of itself determinative of the amount in controversy, *see*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017), it does provide additional support for a finding that the amount in controversy likely exceeds $75,000, especially in light of the allegations in Plaintiff's Petition and her incurred medical expenses.

[47] R. Doc. 12.